IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HEATHER HAY, | ) | Case No. 3:16-cv-229 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| SOMERSET AREA SCHOOL DISTRICT, | ) | |
| Defendant, | ) | |
| v. | ) | |
| STEPHEN SHAFFER | ) | |
| Third-Party Defendant | ) | |

MEMORANDUM OPINION

I. Introduction

This action arises from allegations that Defendant Somerset Area School District was deliberately indifferent to the inappropriate sexual conduct of a former teacher, Stephen Shaffer, which resulted in the teacher repeatedly sexually abusing the Plaintiff while she was a student. Presently before the Court is Plaintiff's Motion to Compel More Specific Responses to Interrogatories and Document Requests. (ECF No. 36). Plaintiff asks that this Court compel production of School District records relating to instances of inappropriate sexual misconduct by teachers, going back as far as 1988, the year Shaffer began working at the school. (ECF No. 42 at 1.) The School District objects on relevance grounds, and argues that it need only produce documents relating to incidents which occurred while the student attended the school.

The Motion has been fully briefed (ECF Nos. 37, 39, 42) and the parties had the opportunity to present their arguments during a telephonic status conference (ECF No. 41). Accordingly, the Motion is now ripe for disposition. For the reasons stated below, the Court will **GRANT** Plaintiff's Motion to Compel. The Court will also **DENY** the School District's Motion to Strike.

## II. Motion to Compel Standard

Generally, materials that are relevant to an issue in a case are discoverable unless they are privileged. Rule 26 explains the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). While the scope of discovery under the Federal Rules is broad, "this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Indeed, Rule 26(b)(1) imposes "two content-based limitations upon the scope of discovery: privilege and relevance." *Trask v. Olin Corp.*, 298 F.R.D. 244, 257 (W.D. Pa. 2014). Even relevant discovery may also be limited by a court if the burden of producing it outweighs the benefit based on the specifics of the case. FED. R. CIV. P. 26(b)(1).

### III. Analysis

Plaintiff requests records relating to instances of inappropriate sexual misconduct by teachers from 1988-2005; the years Shaffer taught at the school. The School District limited its responses to 1999-2005, which represents the years Plaintiff attended the school plus two additional years prior. Plaintiff avers that instances of inappropriate sexual misconduct by teachers from 1988-1998 are relevant to establish a custom, policy, and practice of deliberate indifference by the School District. (ECF No. 42 at 5.) Plaintiff points to police records relating to Shaffer's arrest which mention three incidents of misconduct by Shaffer prior to 1998. (*Id.* at 3.) This, Plaintiff argues, supports her ultimate claim that the School District knew of Shaffer's penchant for inappropriate behavior and chose to do nothing about it. And as such, more detailed information on these three incidents as well as information on any other incidents that may have occurred during that time period is relevant and discoverable.

In response, the School District argues that anything before 1999 is irrelevant because under the case law, "sporadic incidents" are insufficient to establish a sexual harassment claim and three incidents over ten years is surely sporadic. (ECF No. 39 at 4.) The School District further argues that Plaintiff has already received a significant number of records including the police report which references these three incidents, and that asking for records from 1988-1998 amounts to a fishing expedition. (*Id.* at 4-7.)

After review, the Court finds the School District's irrelevancy argument unavailing. The premise of Plaintiff's Complaint is that the School District was aware of inappropriate behavior by Shaffer for years but took no action, eventually resulting in

3

Shaffer sexually abusing her. Discovery into complaints against teachers, including Shaffer, while he taught at the school is plainly relevant to Plaintiff's claims.

The School District's argument that "sporadic incidents" are insufficient to establish a sexual harassment claim is unpersuasive for several reasons. First, the case law cited by the School District involves the sufficiency of sexual harassment claims on summary judgment motions. At the discovery stage, a party may obtain information as long as it is relevant to a claim or defense. FED. R. CIV. P. 26(b)(1). Discovery is not limited to admissible evidence let alone evidence that is singlehandedly sufficient to prove a claim at the summary judgment or trial stage. Second, the School District's argument assumes that the three incidents mentioned in the police report are the only incidents that occurred between 1988 and 1998. Without discovery, neither Plaintiff nor the Court can conclude that that is true. Plaintiff is entitled to explore whether there were more incidents besides the three mentioned, as well as for more details on the three incidents mentioned in the police report.

Third, while Plaintiff's Title IX claim will ultimately require her to prove that the harassment was severe and pervasive; to rule now that the three incidents prior to 1998 were insufficient to constitute sexual harassment oversimplifies the issue. (ECF No. 1.) Plaintiff alleges in her Complaint that she was repeatedly raped by Shaffer; allegations which would easily rise to the level of harassment. Whether or not and at what point the School District was on notice is an issue better resolved at summary judgment. Additionally, at Count I, Plaintiff brings a claim under 42 U.S.C. § 1983. Such a claim carries a different standard than a sexual harassment claim:

4

> [i]n order to establish liability a plaintiff must demonstrate both that the defendant's policy, practice, or custom played an affirmative role in bringing about the sexual abuse and that the defendant acted with deliberate indifference to that abuse. In order to establish deliberate indifference on the part of the defendant, "something more culpable [must be shown] than a negligent failure to recognize [a] high risk of harm" to plaintiffs.

*Kline ex rel. Arndt v. Mansfield*, 255 F. App'x 624, 628 (3d Cir. 2007) (quoting *Black by Black v. Indiana Area Sch. Dist.*, 985 F.2d 707, 712013 (3d Cir. 1993)). Thus for Count I, the issue is whether the School District had a "policy, practice, or custom" that "played an affirmative role in bringing about the sexual abuse." The issue is not whether or not the three incidents prior to 1998 were too sporadic to constitute severe and pervasive harassment. Again, Plaintiff has clearly pled that she suffered sexual abuse at the hands of Shaffer. The School District's handling of complaints of misconduct while Shaffer taught in the district is clearly relevant to whether a "policy, practice, or custom" of the School District "played an affirmative role in bringing about" that sexual abuse.[1]

While the School District states that the request is "unduly burdensome" in its brief, it does not explain why the request would be especially burdensome, and argues primarily relevance. While it may take some effort to collect records dating back this long, the School District has not provided any reason why it would be "unduly burdensome," particularly in light of the obvious relevance of the requested evidence to

---

[1] The School District also argues that information which Plaintiff requests on the male/female ratio in Shaffer's classes over the years is particularly irrelevant. In response, Plaintiff argues that the School District received numerous calls from parents demanding that their daughters not be placed in Shaffer's classes and thus that changes in the makeup of his classes is probative of the School District's knowledge of issues relating to Shaffer's conduct with female students and the School District's handling of such issues. For the same reasons as discussed with respect to the rest of Plaintiff's discovery request, the Court agrees that this information is relevant and discoverable.

5

Plaintiff's claims. Accordingly, the Court will grant Plaintiff's Motion to compel and order the School District to turn over the requested records dating back to 1988.

**Motion to Strike**

The School District has also filed a Motion to Strike Scandalous Matter from Plaintiff's Motion to Compel. (ECF No. 45.) In particular, the School District objects to a statement in Plaintiff's Motion that it "has yet to address a single deficiency identified" by counsel for Plaintiff. (*Id.* at 1.) The School District argues that such statements are untrue and cast it in a false light because counsel for the School District did in fact respond to counsel for Plaintiff by stating the reasons the School District feels the requested discovery is irrelevant. The purpose of a motion to strike under FED. R. CIV. P. 12(f) "is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Tennis v. Ford Motor Co.*, 730 F.Supp.2d 437, 443 (W.D. Pa. 2010). "'[S]uch motions are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Id.* (quoting *Thornton v. UL Enterprises*, No. 09-287E, 2010 WL 1005021, at *2 (W.D. Pa. Mar. 16, 2010)).

None of the above situations are applicable to this case. Striking the statement from Plaintiff's Motion would do nothing to streamline the litigation, nor is there any risk of confusion of the issues of the case, and the only possible "unnecessary foray into immaterial matters" is the Motion to Strike itself. While the School District characterizes Plaintiff's statement as blatantly false, in the Court's view it is at worst an exaggeration that comes nowhere close to meeting the definition of "scandalous" for the purpose of a

6

12(f) motion. "'Scandalous pleading must 'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court.'" *Vay v. Huston*, No. CIV.A. 14-769, 2015 WL 4461000, at *4 (W.D. Pa. July 21, 2015) (citations and quotations omitted). Therefore, the School District's Motion to Strike will be denied.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's Motion to Compel and deny the School District's Motion to Strike.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER HAY, | ) | Case No. 3:16-cv-229 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| SOMERSET AREA SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN SHAFFER | ) | |
| | ) | |
| Third-Party Defendant | ) | |

## ORDER

AND NOW, this 29th day of June, 2017, upon consideration of Plaintiff's Motion to Compel (ECF No. 36), and in accordance with the attached memorandum opinion, **IT IS HEREBY ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Somerset Area School District's Motion to Strike (ECF 45) is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE