IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HEATHER HAY, | ) | Case No. 3:16-cv-229 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| SOMERSET AREA SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN SHAFFER | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

MEMORANDUM OPINION

I.  Introduction

Before the Court is Third-Party Defendant Stephen Shaffer's Motion to Strike, which this Court construes as a motion to dismiss.[1] (ECF No. 29.) The motion has been fully briefed (*see* ECF Nos. 30, 32, 33, 35) and is ripe for disposition. For the reasons that follow, Third-Party Defendant Schaffer's motion will be **GRANTED**.

---

[1] While the motion is titled "Motion to Strike," in this Court's determination it is more properly described as a motion to dismiss. Specifically, each sub-heading is labeled "Motion to Dismiss," followed by the reasons Shaffer believes this Court should grant the requested relief. (*See* ECF No. 29.) Moreover, Shaffer concludes his brief by asking that this Court enter an order "dismissing [SASD's] Complaint to Join Third Party Defendant...". (*Id*. at 7.) The headings in Shaffer's reply brief (ECF No. 33) are similarly labeled "Motion to Dismiss," and Shaffer also avers therein that "SASD's third party complaint should be dismissed with prejudice...". (*Id*. at 11.) Therefore, this Court will construe Shaffer's "Motion to Strike" (ECF No. 29) as a motion to dismiss.

## II. Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Venue is proper under 28 U.S.C. § 1391.

## III. Background

Plaintiff initiated this civil rights action by filing a complaint in this Court on November 1, 2016. (ECF No. 1.) Plaintiff alleges that Defendant Somerset Area School District ("SASD") acted with deliberate indifference towards inappropriate sexual conduct by Stephen Shaffer, a former teacher, causing Plaintiff to be sexually abused while she was a student. Plaintiff asserts two claims against SASD: (1) a 42 U.S.C. § 1983 claim for deliberate indifference to Plaintiff's constitutional right of bodily integrity, and (2) a Title IX, 20 U.S.C. § 1681 claim for subjecting Plaintiff to a hostile educational environment.

Defendant filed its answer on December 13, 2016. (ECF No. 9.) On January 31, 2017, Defendant filed a Motion for Leave to File Complaint to Join Third-Party Defendant Stephen Shaffer (ECF No. 14), which this Court granted. (ECF No. 15.) SASD subsequently filed a Third-Party Complaint against Shaffer. (ECF No. 23.) Shaffer now asks this Court to dismiss him as a third-party defendant. (*See* ECF No. 29).

## IV. Legal Standard

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to

give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[2] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

V.      Discussion

Shaffer asserts four arguments for why this Court should grant his motion to dismiss SASD's Third-Party Complaint. (*See* ECF No. 29.)[3] Shaffer argues that: (1) SASD failed to state a

---

[2] Although Iqbal described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *Id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir.2011) (*citing Santiago v. Warminster Township*, 629 F.3d 121, 130 (2010)).

[3] ECF No. 29 lacked page numbers. The Court's references to specific page numbers are based on its own pagination starting with the number "1" on the first page.

3

proper third-party claim (*Id.* at 6-7); (2) SASD improperly failed to seek leave of the Court before filing its Third-Party Complaint (*Id.* at 2)[4]; (3) SASD untimely filed its Third-Party Complaint (*Id.* at 3); and (4) SASD's Third Party Complaint confuses the issues. (*Id.* at 4-5.)[5]

As explained below, this Court agrees with Shaffer that SASD failed to state a viable third-party claim. Therefore, this Court need not address Shaffer's remaining arguments.

### A. SASD Failed to State a Viable Third-Party Claim

Shaffer argues that this Court should dismiss SASD's third-party claim for contribution. Shaffer contends that the statues that Plaintiff sued under—§ 1983 and § 1861—do not provide for contribution as a remedy. (*See* ECF No. 33 at 6.) Shaffer also contends that the federal common law does not permit a plaintiff to seek contribution on civil rights claims. (*Id.*) Shaffer further asserts that SASD has not brought a proper third-party claim because SASD's Third-Party Complaint fails to establish that Shaffer and SASD are joint tortfeasors, as is required for contribution under Pennsylvania law. (*Id.* at 8.)

In response, SASD argues that it has filed a proper third-party claim against Shaffer. SASD asserts that that Third Circuit recognizes a right to contribution in civil rights actions. (ECF No. 35 at 4.) According to SASD, contribution and/or indemnification is appropriate here because SASD is only liable to Plaintiff due to its relationship as Shaffer's employer; any liability against SASD is secondary because SASD cannot be held liable absent a finding that Shaffer engaged in the alleged conduct. (ECF No. 30 at 5.) Overall, SASD contends that this is the "classic" and

---

[4] While Schaffer advanced this argument in his Motion to Strike (ECF No. 29), he later acknowledged that Plaintiff did in fact ask this Court for leave to file its Third-Party Complaint. (*See* ECF No. 32 at 2.)

[5] While these arguments are not stated in this order in Schaffer's brief, the Court has reordered them here because resolution of what this Court has described as Schaffer's first argument will render the rest of Schaffer's arguments moot.

4

"textbook" example of a situation where contribution and/or indemnification are appropriate. (ECF No. 30 at 5; ECF No. 35 at 4.)

*1. There is no federal right to contribution in § 1983 cases*

District Courts in the Third Circuit disagree about whether contribution is available in civil rights cases. This disagreement stems from the Third Circuit's decision in *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101 (3d Cir. 1981). In *Miller*, the plaintiffs brought racial discrimination claims under the Fair Housing Act and 42 U.S.C. § 1982. *Id.* at 104. The plaintiffs sued several defendants, some of whom settled before trial. *Id.* The claims against the remaining defendants proceeded to a bench trial, where the court found for the plaintiffs and awarded damages. *Id.* The Third Circuit held that "in federal civil rights cases, where one or more defendants have settled with a plaintiff, the damages recoverable by that plaintiff shall be reduced by the amount of the settlement received." *Id.* at 110. In reaching this holding, the *Miller* panel relied on *Glus v. G.C. Murphy Co.*, 629 F.2d 248 (3d. Cir. 1980), where the Third Circuit recognized an implied right to contribution based on "federal common law." *Id.* at 107. Relying on *Glus*, *Miller* recognized an implied right to contribution based on federal common law; the *Miller* panel stated that "[n]othing in this case suggests that a different result [from *Glus*] should follow in civil rights cases." *Id.*

In what a recent Pennsylvania District Court appropriately called "some unfortunate timing,"[6] *Miller* was issued just two days after the Supreme Court's decision in *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77 (1981). In *Northwest Airlines*, the Court

---

[6] *Kohn v. Sch. Dist. of City of Harrisburg*, No. 1:11-CV-109, 2012 WL 3560822, at *2 (M.D. Pa. 2012).

5

clarified that federal courts have limited powers to create federal common law; the Court emphasized that "federal courts, unlike their state counterparts, are courts of limited jurisdiction that have not been vested with open-ended lawmaking powers." *Id.* at 95 (internal citations omitted). The Court then examined the instances where federal courts have the power to create federal common law; first, when faced with "[b]roadly worded constitutional and statutory provisions" that lack "concrete meaning" absent judicial interpretation in "the common law tradition," *id.*, and second, in "cases raising issues of uniquely federal concern, such as the definition of the rights or duties of the United States, or the resolution of interstate controversies." *Id.* The Supreme Court cited admiralty law one "narrow exception to the limited lawmaking role of the federal judiciary...". *Id.*

In *Northwestern Airlines*, the Court held that the federal common law did not provide for a right of contribution in cases brought under Title VII or the Equal Pay Act. *Id.* at 94-95. In reaching this decision, the Court specifically rejected *Glus* as an instance of a lower federal court failing to recognize that "no such general federal right [to contribution] has been recognized" by the Supreme Court. *Id.* at 77. Accordingly, the Court vacated *Glus* and remanded the case to the Third Circuit "for further consideration in light of *Northwest Airlines*." *Retail, Wholesale & Dep't Store Union, AFL-CIO v. G.C Murphy Co.*, 451 U.S. 935 (1981). "On remand, the Third Circuit recognized that Title VII did not permit contribution claims, thus removing the foundation upon which *Miller* relied." *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 538 (E.D. Pa. 2014) (citing *G.C. Murphy Co.*, 654 F.2d 944).

While *Northwest Airlines* seemed to foreclose the approach to federal common law upon which the Third Circuit relied in *Miller*, "*Miller's* approach to federal common law differs even

6

more markedly from *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981), a case decided about a month after *Miller.*" *Kohn*, 2012 WL 3560822 at 3. In *Texas Industries*, Chief Justice Burger unequivocally stated "[t]here is, of course, 'no federal general common law.'" *Texas Indus., Inc.*, 451 U.S. at 640 (quoting *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The Court further stated that, "absent some congressional authorization to formulate substantive rules of decision, federal common law exists only in such narrow areas as those concerned with the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and admiralty cases." *Id.* at 641. After clarifying the federal courts' limited powers to create federal common law and articulating these three instances in which federal courts maintained that power, *Texas Industries* held that federal courts lack the power to fashion a common law right to contribution in antitrust cases. *Id.* at 647.

Following *Northwest Airlines* and *Texas Industries*, federal courts from numerous jurisdictions have held that contribution and indemnity are unavailable in § 1983 actions. *See Rocuba v. Mackrell*, No. CIV.A. 3:10-1465, 2011 WL 5869787, at *3 (M.D. Pa. 2011) (collecting cases); *Woodson v. City of Richmond, Va.*, 2 F. Supp. 3d 804, 811 (E.D. Va. 2014) (collecting cases); *Hoa v. Riley*, 78 F. Supp. 3d 1138, 1146 (N.D. Cal. 2015) (collecting cases); *Katka v. Mills*, 422 F. Supp. 2d 1304, 1308 (N.D. Ga. 2006) (collecting cases and observing that "most cases decided since *Northwest Airlines* have held that there is no right to contribution under § 1983."); *Vercusky v. Wech*, No. 3:CV-13-1459, 2013 WL 5966159, at *3 (M.D. Pa. 2013) (observing that "the vast majority of courts outside the Third Circuit to address this issue have concluded that there is no right to contribution in § 1983 cases.")

7

Despite the "vast majority" of courts outside the Third Circuit consistently holding that there is no right to contribution in civil rights cases, "District courts in the Third Circuit have struggled with whether there is a federal right to contribution on a § 1983 claim." *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 538 (E.D. Pa. 2014). This confusion stems from the fact that despite *Northwest Airlines* and *Texas Industries* rejecting the logic upon which *Miller* relied, *Miller* has never been overturned.[7]

Three District Courts in the Third Circuit have considered *Miller* to be good law and held that contribution is available in § 1983 actions. *Klaitz v. New Jersey*, No. CIV. 04-529 (RBK), 2006 WL 1843115, at *6 (D. N.J. 2006); *Alexander v. Hargrove*, No. CIV. 93-5510, 1994 WL 444728, at *3 (E.D. Pa. 1994); *Fishman v. De Meo*, 604 F. Supp. 873, 877 (E.D. Pa. 1985) (same).

However, Judge Caldwell in the Middle District of Pennsylvania recently held that *Miller* was implicitly overruled by *Northwest Airlines* and *Texas Industries*, and therefore that no right to contribution exists for § 1983 claims. *Kohn*, 2012 WL 3560822, at 4. Further, several other Pennsylvania District Courts have recently expressed skepticism that *Miller* remains valid. *See Bank*, 991 F. Supp. 2d at 538 (dismissing cross-claim that requested indemnity and/or contribution and stating that "[g]iven *Miller*'s history and the fact that a majority of courts do not permit contribution for § 1983 actions, it is unlikely that [the third-party plaintiff] could maintain a contribution claim for the alleged § 1983 violation even if they alleged that the [third-party

---

[7] "Even though *Miller* dealt with claims under § 1982 and the Fair Housing Act, rather than § 1983, district courts have looked to *Miller* in determining whether there can be a claim for contribution for § 1983 actions—presumably because *Miller* is also a civil rights case." *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 538 (E.D. Pa. 2014). Like the courts in *Fishman* and *Kohn*, "we do not believe *Miller* can be distinguished because it dealt with section 1982 rather than section 1983, nor because the court's discussion of contribution was in the context of determining apportionment of damages among codefendants rather than determining if third-party defendants can be joined." *Kohn*, 2012 WL 3560822 at 4.

8

defendants] were joint tortfeasors."); *Rocuba*, 2011 WL 5869787, at 3 (stating that "[a]lthough *Miller* has never been overturned by the Third Circuit, with the foundation of *Miller* having been overturned, and in light of the intervening Supreme Court precedent, the precedential value of *Miller* is suspect); *Diaz-Ferrante v. Rendell*, No. CIV.A. 95-5430, 1998 WL 195683, at *4 (E.D. Pa. 1998) (explaining that "[a]lthough *Miller* has never been overturned by the Third Circuit, the viability of a contribution claim in a § 1983 action is thus dubious.")

This Court finds that *Miller* is no longer good law. As several District Courts have previously observed, the holding in *Miller* was based on an expansive notion of the federal courts' power to create federal common law, which the Supreme Court explicitly rejected in *Northwest Airlines* and *Texas Industries*. *See Kohn*, 2012 WL 3560822, at 5; *Bank*, 991 F. Supp. 2d at 538; *Rocuba*, 2011 WL 5869787, at 3; *Diaz-Ferrante*, 1998 WL 195683, at 4. Moreover, *Miller* relied on *Glus*, which the Supreme Court vacated in light of *Northwest Airlines*. *See G.C Murphy Co.*, 451 U.S. 935. Given the fact that the Supreme Court explicitly rejected the reasoning behind *Miller* and vacated the decision that *Miller* relied on, this Court holds that *Miller* is no longer good law. *Kohn*, 2012 WL 3560822, at 5. Accordingly, this Court declines to recognize a federal common law right to contribution in an § 1983 action. *Id.*

*2. Impleader is improper because SASD has not alleged facts that establish a right to contribution under Pennsylvania law*

This Court's holding that § 1983 does not provide a right of contribution does not end the inquiry. "When federal law is deficient, section 1988(a) authorizes us to look to state law, as long as it is 'not inconsistent with the Constitution and laws of the United States.'" *Kohn*, 2012 WL 3560822, at 5, *citing* 42 U.S.C. § 1988(a); *see also Bank*, 991 F. Supp. 2d at 532. "Since it appears that

9

federal law is deficient on the right to contribution in section 1983 claims, we therefore look to Pennsylvania law on contribution." *Kohn*, 2012 WL 3560822, at 5. If SASD has sufficiently pled facts plausibly giving rise to contribution under Pennsylvania law, SASD's third-party claim will survive Shaffer's motion to dismiss.

"Contribution in Pennsylvania is governed by the Pennsylvania Uniform Contribution Among Tortfeasors Act" (the "Act"). *Smerdon v. GEICO Cas. Co.*, No. 4:16-CV-02122, 2017 WL 2506421, at *4 (M.D. Pa. 2017). Under the Act, a claim for contribution is only proper if it arises between joint tortfeasors. *Ford Motor Credit Co., LLC v. Maxwell*, No. 3:10CV1926, 2011 WL 3206479, at *7 (M.D. Pa. 2011), (citing *National Railroad Passenger Corp. v. URS Corp.*, 528 F.Supp.2d 525, 531 (E.D. Pa. 2007)); 42 Pa. Stat. and Cons. Stat. Ann. § 8324. The Act defines "joint tortfeasors" as "two or more persons jointly or severally liable in tort *for the same injury* to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. Stat. and Cons. Stat. Ann. § 8322 (emphasis added).

In determining whether the defendants are separate or joint tortfeasors, Pennsylvania courts consider several factors, including:

> the identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate, rather than consequential, responsibility of the defendants for the same *injuria* as distinguished from *damnum*.

*Harmelin v. Man Fin. Inc.*, No. CIV.A. 06-1944, 2007 WL 3146666, at *6 (E.D. Pa. 2007) (quoting *Voyles v. Corwin*, 295 Pa. Super. 126, 131, 441 A.2d 381, 383 (1982) (internal citations omitted)); *Waters v. NMC Wollard, Inc.*, No. CIV.A. 06-0032, 2008 WL 3930275, at *2 (E.D. Pa. 2008) (same); *Neal v. Bavarian Motors, Inc.*, 2005 PA Super 305, ¶ 4, 882 A.2d 1022, 1027 (2005) (same); *Kohn*, 2012

WL 1598096, at 4 (same); *see also Pine Grove Manufactured Homes v. Indiana Lumbermens Mut. Ins. Co.*, No. CIV A 3:08-CV-1233, 2009 WL 3486705, at *4 (M.D. Pa. 2009), on reconsideration, No. CIV.A 3:08-CV-1233, 2009 WL 4810560 (M.D. Pa. 2009) (enumerating the above-mentioned factors); *see also Travelers Indem. Co. v. Stengel*, No. 08-CV-2583, 2011 WL 6739458, at *5 (E.D. Pa. 2011), aff'd, 512 F. App'x 249 (3d Cir. 2013) (noting that courts applying Pennsylvania law have declined to find joint tortfeasor status "where the tortious conduct is clearly independent and creates separable injuries") (internal citations omitted).

This Court finds that SASD failed to state a claim for contribution under Pennsylvania law because it has not alleged facts plausibly supporting its contention that Shaffer and SASD were joint tortfeasors. Plaintiff's claims concern (1) SASD's alleged deliberate indifference to Plaintiff's constitutional right of bodily integrity (the § 1983 claim) and (2) SASD's subjecting Plaintiff to a sexually hostile education environment (the Title IX claim). Plaintiff seeks redress for SASD's policies, procedures, and protocols—not for Shaffer's misconduct. And SASD has not alleged that Shaffer implemented, enforced, or had any active role in maintaining the policies that Plaintiff alleges were constitutionally inadequate and violated her federal rights.

An analysis of the factors employed by Pennsylvania courts to determine joint tortfeasor status confirms that SASD failed to plausibly plead that Shaffer was a joint tortfeasor. Shaffer and SASD did not owe Plaintiff identical duties. Moreover, Plaintiff's injury is not "single" or "indivisible;" the injuries inflicted by Shaffer—sexual assault and sexual harassment—are separate and distinct from the injuries allegedly inflicted by SASD—deliberate indifference towards Plaintiff's constitutional rights and maintaining a hostile educational environment for failure to prevent, investigate and discipline employee sexual misconduct. While SASD correctly

11

notes that SASD could not be liable in the instant action if Shaffer did not engage in sexual misconduct (*see* ECF No. 30 at 5), the injuries allegedly inflicted by SASD are divisible and fundamentally distinct from those inflicted by Shaffer.

Further, the "same evidence" will not support an action against Shaffer and SASD; an action against Shaffer would focus exclusively on his conduct, while an action against SASD will focus on SASD's allegedly flawed policies and procedures for preventing and investigating sexual abuse, and on its inadequate response to information it allegedly had about Shaffer's sexual misconduct. Finally, while injuries caused by Shaffer's actions were immediate (*i.e.* each instance of sexual misconduct), the injuries allegedly caused by SASD's institutional response were ongoing (*i.e.* SASD's alleged failure to prevent and properly act in the face of Shaffer's sexual misconduct, which subjected Plaintiff to future sexual abuse by Shaffer).

The cases that SASD cites to support its contention that Shaffer is a joint tortfeasor are inapposite. Specifically, *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. 1492 (E.D. Pa. 1993) involved an underlying claim for negligence concerning drawing false checks.[8] Similarly, the underlying claims in *O'Mara Enterprises, Inc. v. Mellon Bank, N.A.*, 101 F.R.D. 668 (W.D. Pa. 1983) sounded in contract and negligence. Likewise, *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 326 Pa. Super. 509, 526, 474 A.2d 605, 614 (1984), aff'd as modified, 510 Pa.

---

[8] SASD cites *One Meridian* for the proposition that "[t]he prototypical indemnity situation is where an employer is held liable for an employee's tortious acts." (ECF No. 30 at 6.) While this statement is true, it is a *non sequitur*. Plaintiff is not trying to hold SASD liable for Shaffer's tortious acts; she has not even brought a tort claim. Rather, she is attempting to hold SASD liable for its own alleged failure to investigate, discipline, and prevent instances of sexual misconduct by school employees, in violation of the Constitution and federal statutory law.

12

1, 507 A.2d 1 (1986) involved negligence arising from a drowning in a swimming pool. None of these cases involved civil right claims, nor factual situations remotely similar to the instant case.

In sum, this Court finds that SASD failed to allege facts that plausibly support a finding that Shaffer and SASD were joint tortfeasors, thus foreclosing the possibility of contribution under Pennsylvania law.

*3. SASD failed to state a proper third-party claim under FRCP 14*

"A defendant may only use Rule 14 [of the Federal Rules of Civil Procedure] to implead a third-party defendant where the third-party defendant is, or may be, liable to the defendant derivatively or secondarily, and not to join a person who is or may be liable solely to the plaintiff." *Flickinger v. Toys R Us, Inc.*, No. 3:10-CV-305, 2010 WL 4384252, at *1 (M.D. Pa. 2010), *citing FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir.1994); *see Gamble v. Treetop Dev.*, LLC, No. 3:16-CV-01960, 2017 WL 3392356, at *2 (M.D. Pa. 2017) ("it is not permissible to bring in a person as a third-party defendant simply because he is or may be liable to the plaintiff") (citing *National Fire Ins. Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137 (W.D. Pa. 1964)).

This Court agrees with Shaffer that SASD failed to properly state a third-party claim.[9] SASD asserts that "the injuries and damages allegedly sustained by Hay were caused in whole or in part by the actions of Shaffer" (ECF No. 14 at 1), and avers that Hay's injuries, if any, "were directly and proximately caused, in whole or in part, by the conduct of Shaffer." (ECF No. 23 at 2.) However, "a third party cannot be impleaded under Rule 14(a) on the basis that its actions allegedly caused the Plaintiff's injuries." *J.S. ex rel. Gillis v. Wal-Mart Stores, Inc.*, No. 3:CV-11-0792,

---

[9] This Court notes that Plaintiff has not filed any objections to SASD's impleading Shaffer as a third-party defendant. However, this does not alter the legal analysis of whether SASD properly joined Shaffer.

13

2012 WL 728004, at *5 (M.D. Pa. 2012). Like the third-party plaintiffs in *Rocuba*, SASD "argue[s] that it was actions of the third-party defendant, not [its] actions, which caused the plaintiff's injuries, if any such injuries were incurred." *Rocuba*, 2011 WL 5869787 at 2. However, "[t]his is not a proper basis for a third-party claim pursuant to Fed. R. Civ. P. 14(a)." *Id.*

## B. Leave to Amend

"The law is well settled that, 'if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.'" *King v. Harmotta*, No. CV 3:15-297, 2016 WL 3661566, at *6 (W.D. Pa. 2016) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)).

However, a court need not grant a defendant/third-party plaintiff leave to amend when the third-party complaint merely "repeats the exact same conduct that the Plaintiffs allege renders [the defendants] liable... and alleges that if that conduct renders them liable, then the [third-party defendants] are in turn liable to them for contribution." *Hawa v. Coatesville Area Sch. Dist.*, No. CV 15-4828, 2016 WL 4720968, at *5 (E.D. Pa. 2016) (explaining that "[b]ecause Plaintiffs' claims remain the same, no repleading of claims seeking contribution for the conduct those claims allege can give rise to joint tortfeasor status or to a claim for indemnity or contribution.")

This Court finds that granting leave to amend would be futile. Plaintiff's claims have not changed, and SASD has merely alleged that the same conduct that potentially makes it liable to Plaintiff also makes Shaffer liable to SASD for contribution. Accordingly, SASD's Third-Party Complaint will be dismissed with prejudice.

## VI. Conclusion

In sum, this Court holds that SASD failed to allege a proper third-party claim against Shaffer. First, there is no right to contribution under § 1983. Further, SASD failed to state a plausible claim for contribution under Pennsylvania law because SASD has not alleged facts which give rise to a plausible inference that Shaffer and SASD were joint tortfeasors. Additionally, SASD asserts that Shaffer, rather than SASD, caused any injuries that Plaintiff may have suffered, which is not a proper basis for a third-party claim. Because amendment would be futile, SASD's Third-Party Complaint will be dismissed with prejudice.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER HAY, | ) | Case No. 3:16-cv-229 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| SOMERSET AREA SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN SHAFFER | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ORDER

**AND NOW**, this 31st day of October, 2017, upon consideration of Third-Party Defendant's Motion to Strike Complaint to Join Third-Party Defendant (ECF No. 29), and in accordance with the foregoing memorandum opinion, **IT IS HEREBY ORDERED** that Third-Party Defendant's motion is **GRANTED**.

Accordingly, Defendant's Third-Party Claim against the Third-Party Defendant **IS HEREBY DISMISSED** with prejudice.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE