IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER HAY, | ) | CIVIL ACTION NO. 3:16-CV-229 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| SOMERSET AREA SCHOOL | ) | |
| DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.    Introduction

Pending before the Court are two motions to compel, both filed by Defendant Somerset Area School District ("SASD"): (1) a Motion to Compel Plaintiff to Sign Unaltered Medical Authorizations (ECF No. 58) and (2) a Motion to Compel Stipulation of Confidentiality and to Compel the Return of Inadvertently Produced Un-Redacted Documents. (ECF No. 60). The motions have been fully briefed (*see*, respectively, ECF Nos. 59 and 63, and ECF Nos. 61 and 65) and are ripe for disposition.

For the reasons that follow, the Court will **GRANT in PART and DENY in PART** SASD's a Motion to Compel Plaintiff to Sign Unaltered Medical Authorizations. (ECF No. 58.). The Court will **DENY** SASD's Motion to Compel Stipulation of Confidentiality and to Compel the Return of Inadvertently Produced Un-Redacted Documents. (ECF No. 60.)

## II.    Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Venue is proper under 28 U.S.C. § 1391.

## III.    Background

Plaintiff sues SASD for injuries she allegedly sustained while a student at SASD as a result of sexual harassment and sexual assault perpetrated by a SASD teacher. Currently before the Court are two discovery disputes. The Court will discuss them in turn.

## IV.    Discussion

### A.  SASD's Motion to Compel Plaintiff to Sign Unaltered Medical Authorizations

The first dispute concerns SASD's attempts to obtain Plaintiff's medical records. Plaintiff claims that she suffered weight loss, depression, and anorexia as a result of the sexual assault and sexual harassment she experienced at SASD. (ECF No. 1 at 10-12). Plaintiff sought outpatient and inpatient treatment for these symptoms from Western Psychiatric Institute and Clinic ("WPIC") in 2003. (*Id.* at 11.) SASD seeks Plaintiff's medical records to ascertain the causes and severity of the physical symptoms and mental anguish that Plaintiff allegedly suffered. (ECF No. 59 at. 4-5.)

SASD sent authorizations to Plaintiff that would allow SASD to access "information" and, more specifically, "health information" about Plaintiff from WPIC, Childfind and Abuse Registry, Children & Youth Services, Somerset Pediatrics Group, and Ms. Karen Franz, LSW, a therapist

2

who treated Plaintiff.[1] (ECF No. 58 at 2.) Upon receiving the authorization forms, Plaintiff's counsel replaced the term "information" with "records only."[2] (ECF No. 63-4 at 3.)

SASD contends that Plaintiff's replacing the term "information" with "records only" improperly limits the scope of discovery that SASD is entitled to in this case. SASD asserts that it is entitled to all of the records it seeks because Plaintiff has put her health and mental health at issue. (ECF No. 59 at 4-6.) SASD asserts that Plaintiff's treaters might interpret "records only" narrowly to include only "formal medical records," thus excluding documents that SASD is entitled to, such as therapist's notes and handwritten or typed notes and memoranda that were not inserted into formal medical record forms. (ECF No. 58 at 3-4.)

Plaintiff does not contest that Plaintiff's medical history and mental health are at issue and that SASD is entitled to Plaintiff's medical records. Rather, Plaintiff responds that the releases as originally written gave SASD a "carte blanche" to have *ex parte* communications with Plaintiff's treaters. (ECF No. 63 at 2, 6.) Plaintiff states that it narrowed the scope of the release by changing the wording to "records only" to prevent SASD from engaging in *ex parte* communications with the medical and mental health professionals who treated Plaintiff. (*Id.* at 2.) In response to Plaintiff's concern, SASD contends that the standard authorization forms that SASD sent to

---

[1] The releases that SASD sent to Plaintiff read, in pertinent parts, "1. I authorize the following persons or organizations ("Releasor(s)") to release/disclose **information** about the patient identified above in accordance with the provisions of this authorization: . . . ; "2. Name and address of person(s) or organization(s) to whom/which **health information** should be released/disclosed ("Recipient(s)"): . . . ". (*See, e.g.,* ECF No. 59-1 at 4.) (emphasis added).

[2] The release that Plaintiff signed read, in pertinent parts, "1. I authorize the following persons or organizations ("Releasor(s)") to release/disclose **records only** about the patient identified above in accordance with the provisions of this authorization: . . . ; "2. Name and address of person(s) or organization(s) to whom/which **records only** should be released/disclosed ("Recipient(s)"): . . . ".

3

Plaintiff do not authorize SASD to have *ex parte* communications with Plaintiff's treaters. (ECF No. 59 at 6.) SASD further asserts that it repeatedly assured Plaintiff that it would not engage in *ex parte* communications with Plaintiff's treaters. (*Id.*) However, SASD's assurances failed to assuage Plaintiff, who "stands by her position that if no attempt to communicate with respondents outside Plaintiff's counsel will be made, there is no legitimate reason to request or obtain the original Authorization which permits carte blanche authority to do so." (ECF No. 63 at 6.)

The Court will require Plaintiff to produce a new set of medical release forms that restricts the scope of the release to "written information, written notes, and written records only—no oral communications." This language will permit SASD to discover all medical records, therapy notes, and any other written and/or typed memoranda prepared by Plaintiff's treaters. By limiting the release to "written" items and expressly preventing any oral communications with SASD, this release will eliminate Plaintiff's concern that SASD might engage in *ex parte* communications with Plaintiff's treaters. This solution should be amenable both SASD and Plaintiff.

This dispute could have easily been resolved with a modicum of creativity and cooperation between the parties. As noted above, it is undisputed that SASD is entitled to the written medical records, therapy notes, and the other documents that it seeks. If the parties attempted in good faith to resolve the instant dispute, they easily could have arrived at the same result the Court orders here: amending the release forms to limit discovery to written notes and records, and explicitly stating on the release forms that Plaintiff does not permit her providers to have any oral communications with SASD. Given the parties' failure to arrive at a simple solution to this easily resolvable discovery dispute, this Court is required to remind the parties of their

4

obligation to engage in good faith attempts to resolve discovery disputes before bringing them to this Court. (Initial Scheduling Order, ECF No. 20 at 4.) *See also* Fed. R. Civ. P. 37(a)(1).

## B. SASD's Motion to Compel Stipulation of Confidentiality and to Compel the Return of Inadvertently Produced Un-Redacted Documents

SASD moves this Court to order Plaintiff to return un-redacted student records that SASD contends it inadvertently produced during discovery. SASD states that it inadvertently produced un-redacted records that contain student-identifying information regarding former students at SASD, and argues that Plaintiff must return these documents to SASD under the Federal Family Education Rights and Privacy Act ("FERPA"). (ECF No. 60 at 3.) SASD states that the un-redacted student records contain "directory information" as defined by FERPA, but contends that the records do not fall under FERPA's provisions that allow for the production of "directory information" because SASD did not comply with the public notice requirements of FERPA prior to producing the records (*Id.* at 5.) SASD argues that the "directory information" cannot be lawfully disclosed under FERPA because SASD never gave public notice, designated the information as "directory information," nor provided a reasonable period of time to allow parents to object to the documents' production. (ECF No. 61 at 6-7.) Additionally, SASD asks this Court to compel Plaintiff to sign a confidentiality agreement that would designate former student's "directory information" as "Confidential" and would require Plaintiff to return all copies of any Confidential information inadvertently produced. (*Id.* at 9.)

In response, Plaintiff contends that she is not required to return the records. Plaintiff makes numerous arguments in support of her position. Plaintiff argues that she is entitled to un-redacted students documents because the public policy justifications underlying the statues that

5

Plaintiff sues under, specifically 42 U.S.C. § 1983 and Title IX, outweigh privacy concerns protected by FERPA. (ECF No. 65 at 4.) Next, Plaintiff argues that SASD need not comply with FERPA's opt out provisions before producing the "directory information" because 34 C.F.R. 99.37(b) exempts former student records from FERPA's notice and opt out requirements. (*Id.* at 5.) Plaintiff further asserts that SASD has no standing to request that she return the records because she also obtained identical records from a third-party, namely the Somerset Police Department and/or the Somerset District Attorney's Office. (*Id.* at 5.) Additionally, Plaintiff contends that the requested documents are protected under the work-product doctrine because Plaintiff's counsel has made his own markings, highlights, and notations on the records that SASD asks Plaintiff to return. (*Id.* at 6.) Plaintiff further asserts that, from the beginning of this litigation, Plaintiff agreed to use redacted versions of the "directory information" during depositions and also agreed to refer to students by number rather than by name, assuaging any concerns SASD has about protecting student privacy. (*Id.* at 6.) Finally, Plaintiff notes that parties' 26(f) report does not mention any confidentiality agreement concerning the production of the "directory information." (*Id.* at 7.)

"FERPA is a federal statute addressing the conditions for availability of funds to educational agencies or institutions." *Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 524 (Pa. Commw. Ct. 2011). "Congress enacted FERPA 'to assure parents of students . . . access to their educational records and to protect such individuals' rights to privacy by limiting the transferability of their records without their consent.'" *T.M. v. Elwyn, Inc.*, 2008 PA Super 113, ¶ 19, 950 A.2d 1050, 1060 (2008) (quoting *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 67 (1st Cir. 2002)) (citation omitted). "Essentially, [FERPA] effectuates these goals by not providing federal

6

funding to educational institutions that have a 'policy or practice of releasing, or providing access

to, any personally identifiable information in education records other than directory information

. . .'" . *T.M. v. Elwyn, Inc.*, 950 A.2d at 1060 (quoting 20 U.S.C. § 1232g(b)(2)).

As the Seventh Circuit Court of Appeals explained,

> "FERPA protects personally identifiable information other than directory information from release without parental consent. 20 U.S.C. § 1232g(b)(1)-(2) (2006). Personally identifiable information includes, but is not limited to, the students' names, names of their parents or other family members, the addresses of the students or their family, any personal identifiers such as social security numbers or student numbers, a list of personal characteristics that would make the students' identities easily traceable or any other information that would make the students' identities easily traceable. 20 U.S.C. § 1232g; 34 C.F.R. § 99.3 (2006). Directory information, on the other hand, is a type of personally identifiable information not usually considered harmful if disclosed. It generally includes (but is not limited to) students' names, addresses, telephone numbers, major fields of study and dates of attendance. 34 C.F.R. § 99.3.

*Disability Rights Wisconsin, Inc. v. State of Wisconsin Dep't of Pub. Instruction*, 463 F.3d 719, 730 (7th

Cir. 2006).[3]

Pursuant to 34 C.F.R. § 99.37(a), which governs disclosure of "directory information"

under FERPA, educational institutions may produce student "directory information" if certain

notice and opt out conditions have been satisfied. *See also Fonovisa, Inc. v. Does 1-9*, No. CIV. A.

---

[3] The federal regulation that supplies definitions to FERPA's provisions defines "directory information" as follows:

> (a) Directory information includes, but is not limited to, the student's name; address; telephone listing; electronic mail address; photograph; date and place of birth; major field of study; grade level; enrollment status (e.g., undergraduate or graduate, full-time or part-time); dates of attendance; participation in officially recognized activities and sports; weight and height of members of athletic teams; degrees, honors, and awards received; and the most recent educational agency or institution attended.

34 C.F.R. § 99.3.

07-1515, 2008 WL 919701, at *7 (W.D. Pa. Apr. 3, 2008) (noting that FERPA "expressly authorizes a university to disclosure a student's 'directory information' without the student's prior consent so long as certain conditions have been satisfied.")

FERPA's disclosure rules are different for former students. Under 34 C.F.R. § 99.37(b), "[a]n educational agency or institution may disclose directory information about former students without complying with the notice and opt out conditions in paragraph (a) of this section." [4] *See United States ex rel. Munoz v. Computer Sys. Inst., Inc.*, No. 11 C 7899, 2015 WL 4052853, at *3 (N.D. Ill. June 30, 2015) ("With respect to former students . . . educational institutions are expressly allowed to disclose 'directory information' without complying with the notice and opt out requirements." 34 C.F.R. § 99.37(b)).

The Court agrees with Plaintiff that the "directory information" of former students is not protected from disclosure under FERPA. Plaintiff states that the records that SASD produced were generated between 1989 and 2005. (ECF No. 65 at 5.) The year is now 2017. All of the students whose "directory information" has been produced are now former students. Thus, the "directory information" does not fall within FERPA's protections. Accordingly, SASD did not violate FERPA by disclosing the "directory information" without complying with the notice and opt out conditions in 34 C.F.R. § 99.37(a). *See* 34 C.F.R. § 99.37(b). Because the "directory information" is not protected under FERPA, this Court will not require Plaintiff to return it to SASD.

The Court rejects SASD's argument that, notwithstanding 34 C.F.R. § 99.37(b), SASD

---

[4] The Court notes that if the educational institution discloses directory information about former students as permitted under 34 C.F.R. § 99.37(b), it "must continue to honor any valid request to opt out of the disclosure of directory information made while a student was in attendance unless the student rescinds the opt out request." *Id.*

8

cannot lawfully disclose the "directory information" of former students who never had a chance to opt out due to the fact that SASD never designated any information as "directory information" prior to 2005. (ECF No. 61 at 5.) In a recent case, the United States District Court for the Northern District of Illinois rejected the exact argument that SASD makes here. *See United States ex rel. Munoz v. Computer Sys. Inst., Inc.*, No. 11 C 7899, 2015 WL 4052853 (N.D. Ill. June 30, 2015). In *United States ex rel. Munoz*, the court held that "directory information" about former students *was* discoverable even though former students never had an opportunity to opt out due to the fact that the educational institution never designated student information as "directory information" when the students whose records were sought were still in attendance. *Id.* at 3. The Court explained that "[34 C.F.R. § 99.37(b)] plainly state[s] that educational institutions are allowed to disclose directory information of former students 'without complying with the notice and opt out conditions.'" *Id. at* 4 (quoting 34 C.F.R. § 99.37(b)). Moreover, the Court noted that "[t]hough an educational institution must continue to honor opt outs made when students were in attendance there, [34 C.F.R. § 99.37(b)] do[es] not mandate that students who were never given an opportunity to opt out . . . receive a chance to opt out as former students." *Id.*

This Court agrees with the ruling from the district court in *United States ex rel. Munoz*. Indeed, § 99.37(b) explicitly states that educational institutions can disclose former student "directory information" without complying with the notice and opt out provisions in 99.37(a). Nothing in the plain language of the regulation changes this result when the students whose "directory information" is sought did not have the chance to opt out. Therefore, contrary to SASD's contention, the "directory information" of former students is not protected under FERPA. Accordingly, this Court will **DENY** SASD's Motion to Compel Stipulation of Confidentiality and

to Compel the Return of Inadvertently Produced Un-Redacted Documents.

## V. Conclusion

For the reasons stated above, the Court will **GRANT in PART and DENY in PART** SASD's Motion to Compel Plaintiff to Sign Unaltered Medical Authorizations. (ECF No. 58.) The Court will **DENY** SASD's Motion to Compel Stipulation of Confidentiality and to Compel the Return of Inadvertently Produced Un-Redacted Documents. (ECF No. 60.) An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HEATHER HAY,** | ) | **CIVIL ACTION NO. 3:16-CV-229** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE KIM R. GIBSON** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SOMERSET AREA SCHOOL** | ) | |
| **DISTRICT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**AND NOW**, this 11th day of December 2017, upon consideration of SASD's Motion to
Compel Plaintiff to Sign Unaltered Medical Authorizations (ECF No. 58) and SASD's Motion to
Compel Stipulation of Confidentiality and to Compel the Return of Inadvertently Produced Un-
redacted Documents (ECF No. 60), and in accordance with the accompanying Memorandum
Opinion, **IT IS HEREBY ORDERED** as follows:

1. SASD's Motion to Compel Plaintiff to Sign Unaltered Medical Authorizations (ECF
   No. 58) **is GRANTED in PART and DENIED in PART.** SASD's Motion is denied
   insofar as Plaintiff will not be required to sign the release form that SASD previously
   sent to Plaintiff (i.e. the release form that referred to Plaintiff's "health information").
   However, Plaintiff is **ORDERED** to create amended release forms that specify the
   scope of the release as "written information, written notes, and written records only —
   no oral communications." Plaintiff is **ORDERED** to sign the amended release form

and return it to SASD to facilitate SASD's timely receipt of the medical and mental
health records SASD seeks.

2. SASD's Motion to Compel Stipulation of Confidentiality and to Compel the Return of
   Inadvertently Produced Un-redacted Documents (ECF No. 60.) is **DENIED.**

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**